22-831-cv
Tsepenyuk v. Fred Alger & Co., Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-three.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          SUSAN L. CARNEY,
                  *Circuit Judges.*
------------------------------------------------------------------
IRENE TSEPENYUK,

          *Plaintiff-Appellant,*

                  v.                              No. 22-831-cv

FRED ALGER & COMPANY, INC.,

          *Defendants-Appellees.*
------------------------------------------------------------------

FOR APPELLANT:          STEPHEN BERGSTEIN, Bergstein &
                        Ullrich, LLP, New Paltz, NY

FOR APPELLEE:           ANNE B. SEKEL (Christopher A.
                        DeGennaro, *on the brief*), Foley &

Lardner LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Irene Tsepenyuk appeals from a March 29, 2022 judgment of the District Court granting summary judgment in favor of Tsepenyuk's former employer, Fred Alger & Company, Inc. ("Alger"). Claiming gender and pregnancy discrimination, retaliation, a hostile work environment, and a failure to accommodate, Tsepenyuk sued under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the New York State Human Rights Law, the New York City Human Rights Law (NYCHRL), and the New Jersey Law Against Discrimination. Tsepenyuk appeals the District Court's judgment only insofar as it dismissed her claims under the NYCHRL. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The following recitation of the facts is taken from the summary judgment

record viewed in the light most favorable to Tsepenyuk. In May 2016 Robert Kincel, Alger's Chief Financial Officer, completed a routine personnel plan that included terminating Tsepenyuk from Alger's accounting group at a future date. Tsepenyuk then went on maternity leave from June to November 2016. Soon after returning, Tsepenyuk received a negative performance review, was asked to train a newly hired male accountant, and was harassed by Nicholas Morrello, her direct supervisor; and she complained to the company about Morrello's conduct. Tsepenyuk was terminated in May 2017.

The District Court dismissed Tsepenyuk's claim of discrimination under the NYCHRL because, without a relevant comparator, she failed to show that she was treated less well than other employees based on her gender or her pregnancy. *Tsepenyuk v. Fred Alger & Co.*, 18-cv-7092 (GBD), 2022 WL 912882, at *5–6 (S.D.N.Y. Mar. 29, 2022). The District Court also dismissed Tsepenyuk's retaliation claim under the NYCHRL because the personnel plan, pursuant to which she was terminated, pre-dated any protected activity and thus could not have been caused by her protected activity. *Id.* at *7.

We affirm the District Court's dismissal of Tsepenyuk's NYCHRL discrimination claim. Tsepenyuk failed to adduce any evidence that she was

treated less well than other similarly situated Alger employees because of her gender or pregnancy. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). We also agree that she failed to show that Alger's legitimate, non-discriminatory reason for terminating her—namely, the implementation of the May 2016 personnel plan—was a pretext for discrimination. *See Ellison v. Chartis Claims, Inc.*, 115 N.Y.S.3d 53, 58 (2d Dep't 2019) (analyzing NYCHRL claim under the *McDonnell Douglas* and mixed motive burden-shifting frameworks).

Tsepenyuk argues that the May 2016 personnel plan was not final and instead served as a pretext to fire her for events including and following her return from maternity leave. We are unpersuaded by the argument that the personnel plan was not final because all of the plan's contemplated future employment actions involving other employees came to fruition. Without evidence that unlawful discrimination tainted the plan, Tsepenyuk cannot show that she was terminated or treated less well than others because of her gender or pregnancy.

We also affirm the District Court's dismissal of Tsepenyuk's retaliation claim under the NYCHRL. "[T]o prevail on a retaliation claim under the

3

NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112. Tsepenyuk has failed to show that her termination was the result of her complaints to the company about Morrello's harassing behavior. As discussed, the personnel plan contemplating Tsepenyuk's termination was finalized in May 2016, before Tsepenyuk complained. The District Court therefore did not err in dismissing her retaliation claim.

Finally, at oral argument Tsepenyuk waived any challenge to the District Court's dismissal of Tsepenyuk's hostile work environment claim under the NYCHRL.

We have considered all of Tsepenyuk's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4